UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCISCO ALMAGUER,

Defendant.

NO.  CR-08-2018-RHW-1

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS,** *INTER ALIA*

Before the Court are Defendant's twelve pretrial motions (Ct. Rec. 66, 110, 112, 113, 120, 122, 124, 126, 128, 130, 132, and 134). A hearing on these motions was held on November 18, 2008. Defendant was present and represented by George Trejo; the Government was represented by James Hagarty. At the hearing, the Court orally ruled on Defendant's motions. This Order memorializes those rulings.

*Motion to Join in Related Case Roberto Licea-Martinez Pretrial Motions (Ct. Rec. 66 & 112)*

Because co-Defendant Licea-Martinez has entered a guilty plea and his motions have accordingly been denied as moot, these motions are likewise DENIED as moot.

*Motion to Interview Informant and/or Cooperating Co-Defendants (Ct. Rec. 110)*

Defendant requests a pretrial opportunity for an in-court interview of the Government's confidential informant ("CI") and/or any cooperating co-defendants. Defendant argues that the known informant's testimony is material and an interview with the witness is necessary. Defendant states that he is unaware of any

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS,** *INTER ALIA* * 1

cooperating co-defendants, but requests an interview should there be any. The Government responds that this motion is premature, and pledges to arrange for a telephonic interview of the CI. The Government also states that it will forward this request for an interview to the attorney for any cooperating co-defendant, if there is one.

Defendant has articulated no reason or authority that would justify his request for an in-court interview of any witness. Moreover, Defendant has not identified any problems gaining access to relevant witnesses. Therefore, this motion is DENIED.

### Request for Disclosure (Ct. Rec. 113)

Defendant requests all discovery required by Fed. R. Crim. Pro. 16, including a written summary of expert testimony, opinions, and reasons therefor. The Government responds that it has already provided this discovery material. At the hearing, Defendant did not identify any deficiencies in the Government's disclosure to date. Therefore, this motion is DENIED.

### Motion to Suppress Intercepted Calls (Ct. Rec. 120)

Defendant moves the court to suppress all calls between Defendant and a CI that took place inside Defendant's residence and were intercepted without a warrant. Defendant first argues that the CI's entry violated the Fourth Amendment because the CI was a government agent and entered without a warrant. Assuming *arguendo* that Defendant consented to the CI's entry, Defendant argues that the CI exceeded the scope of consent by recording the conversations.

The Government argues in response that Defendant's conversations with the CI were not protected and should be admitted, relying on *United States v. White,* 401 U.S. 745 (1971).

Information voluntarily revealed to a third party is generally unprotected by the Fourth Amendment, even if a person does so "with the understandable expectation that this information would be kept confidential." *Nelson v. Nat'l*

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS, *INTER ALIA* * 2**

*Aeronautics and Space Admin.*, 530 F. 3d 865, 876 (9th Cir. 2008). Moreover, the recording of such conversations does not invade any constitutionally protected expectations of privacy. *White*, 401 U.S. at 751; *Forster v. County of Santa Barbara*, 896 F.2d 1146, 1149 (9th Cir. 1990). Accordingly, this motion is DENIED.

### *Motion to Dismiss Based on Outrageous Government Conduct (Ct. Rec. 122)*

Defendant moves to dismiss all charges against him, arguing that the Government's conduct in investigating, charging, and prosecuting Defendant was so outrageous it violated the Due Process Clause of the Fifth Amendment. Defendant argues that the Government "targeted him in an effort to lock him up for life," entrapping him even though the Government had no evidence he was involved in drugs. The Government responds that the CI simply asked Defendant to point out a drug dealer, but Defendant "went beyond that, orchestrated and participated in a drug transaction."

Government conduct so outrageous as to shock the conscience and violate the Fifth Amendment does not exist where (as here), "the government merely infiltrates an existing organization, approaches persons it believes to be already engaged in or planning to participate in the conspiracy, or provides valuable and necessary items to the venture." *United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir. 2003). Thus, this motion is DENIED.

### *Motion to Strike § 851 and/or Life Sentence if Convicted (Ct. Rec. 124)*

Defendant moves to strike the § 851 enhancement filed by the prosecution, or take the mandatory minimum life sentence off the table if Defendant is convicted. Defendant argues that the mandatory minimum sentence here punishes Defendant for exercising his constitutional right to go to trial, violates separation of powers, and is so harsh it violates Defendant's right to due process. The Government responds that each of Defendant's arguments have been considered and rejected by the Courts.

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS,** *INTER ALIA* * 3

The Government reads the case law correctly. Filing a § 851 enhancement is an exercise of prosecutorial discretion, reviewed by courts only for alleged violations of constitutional due process rights. *U.S. v. Sanchez*, 517 F.3d 651, 671-72 (2nd Cir. 2008). Prosecutorial decisions are entitled to a presumption of regularity; absent a specific showing of impropriety, a court will not find a due process violation even where the prosecution provides no reason at all for filing an information. *Id.* Defendant has made no such showing here, and therefore this motion is DENIED.

*Motion to Identify and Limit the Scope of the Government's Expert Opinions (Ct. Rec. 126)*

Defendant moves the Court to require the Government to disclose all expert opinions it plans to use at trial, and to prevent the Government from introducing expert testimony that would intrude on the province of the jury. Defendant asks the Court to hold a *Daubert* hearing on any proffered expert testimony. Defendant also specifically asks the Court to exclude any proffered expert testimony related to fingerprint evidence. The Government does not respond to the bulk of this motion, but does state elsewhere in its briefing that it has provided all expert reports. The Government also states that it will not present any expert testimony related to fingerprint evidence so long as Defendant does not raise the issue.

Because Defendant has identified no specific problems to date with the Government's disclosure of expert reports, this motion is DENIED.

*Motion for Entrapment Instruction (Ct. Rec. 128)*

Defendant moves for leave to present an entrapment defense, and to present a jury instruction on entrapment. Based on the facts presented to the Court at this point, the Court agrees that there is sufficient evidence to allow an entrapment defense to proceed. "Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Becerra,* 992 F.2d 960,

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS,** *INTER ALIA* * 4

963 (9th Cir. 1993) (internal quotations omitted). However, the Court specifically reserves ruling on Defendant's motion to present a jury instruction on entrapment until the evidence that would support such a motion is presented at trial. Therefore, this motion is GRANTED in part.

*Motion to Require Government to Conduct Henthorn Inspection and for Production of Discovery (Ct. Rec. 130)*

Defendant moves the Court to order the Government to produce law enforcement witnesses' personnel records for the Court's in camera review, pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The Government's position is that the Court has already ordered production of these records. Therefore, this motion is DENIED as moot.

*Motion to Preclude Government from Using Defendant's Prior Drug Convictions at Trial (Ct. Rec. 132)*

Defendant moves to prevent the Government from introducing Defendant's prior drug convictions because it would be overly prejudicial and have little bearing on credibility. The Government agrees not to bring up Defendant's prior convictions, so long as Defendant "does not claim he was entrapped or that he has engaged in a law abiding life style."

Given the Government's agreement on this issue, this motion is DENIED with leave to renew depending on developments at trial. The Government is directed not to disclose Defendant's prior drug convictions at trial in any fashion until the matter has been heard again by the Court.

*Motion for Pretrial Production of Charts, Summaries (Ct. Rec. 134)*

Defendant moves the Court to order the Government to produce the final version of any "charts, summaries or calculations it intends to use at trial." Pursuant to the Government's responsibilities under Fed. R. Crim. Pro. 16, this motion is GRANTED. The Government is directed to provide such charts and summaries at least five (5) days before trial.

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS,** *INTER ALIA* * 5

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant's Motions to Join in Related Case Roberto Licea-Martinez Pretrial Motions (Ct. Rec. 66 & 112) are **DENIED as moot**.

2.   Defendant's Motion to Interview Informant and/or Cooperating Co-Defendants (Ct. Rec. 110) is **DENIED**.

3.   Defendant's Request for Disclosure (Ct. Rec. 113) is **DENIED**.

4.   Defendant's Motion to Suppress Intercepted Calls (Ct. Rec. 120) is **DENIED**.

5.   Defendant's Motion to Dismiss Based on Outrageous Government Conduct (Ct. Rec. 122) is **DENIED**.

6.   Defendant's Motion to Strike 851 and/or Life Sentence if Convicted (Ct. Rec. 124) is **DENIED**.

7.   Defendant's Motion to Identify and Limit the Scope of the Government's Expert Opinions (Ct. Rec. 126) is **DENIED**.

8.   Defendant's Motion for Entrapment Instruction (Ct. Rec. 128) is **GRANTED in part.**

9.   Defendant's Motion to Require Government to Conduct Henthorn Inspection and for Production of Discovery (Ct. Rec. 130) is **DENIED as moot**.

10.  Defendant's Motion to Preclude Government from Using Defendant's Prior Drug Convictions at Trial (Ct. Rec. 132) is **DENIED with leave to renew**. The Government is directed not to disclose Defendant's prior drug convictions at trial in any fashion until the matter has been heard again by the Court.

11.  Defendant's Motion for Pretrial Production of Charts, Summaries (Ct. Rec. 134) is **GRANTED**. The Government is directed to provide such charts and summaries at least five (5) days before trial.

///

///

///

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS,** *INTER ALIA* * 6

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

2    Order and to provide copies to counsel.

3        **DATED** this 21st day of November, 2008.

4                        *s/ Robert H. Whaley*

5                    ROBERT H. WHALEY
                 Chief United States District Judge

6

7    Q:\CRIMINAL\2008\08-2018\Almaguer\deny.motions.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS, *INTER ALIA* * 7**