UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FRANCISCO ALMAGUER,<br><br>  Defendant. | NO. CR-08-2018-RHW-1<br><br>**ORDER GRANTING MOTION TO CONTINUE, DENYING MOTION TO DISMISS** |

Before the Court are the Government's Motion to Continue Trial (Ct. Rec. 157) and Defendant's Motion to Dismiss (Ct. Rec. 159). These motions were heard on an expedited basis without oral argument.

Counsel for the Government declares that she only recently learned of a number of Defendant's statements recorded in a related case by the Department of Agriculture in Oregon. She also received "documentation related to voluminous recordings of transactions of the Confidential Informant during the course of the Oregon case." She declares that she was previously unaware of the statements, and would have turned them over to Defendant during discovery had she known of their existence. Accordingly, the Government requests a continuance so that Defendant may have time to review this new material.

Defendant responded with a motion to dismiss, arguing that no remedy less than dismissal is sufficient to sanction the Government and deter future misconduct. Defendant acknowledges that "the instant prosecutor came clean and

**ORDER GRANTING MOTION TO CONTINUE, DENYING MOTION TO DISMISS** * 1

was forthright about the wrong that has taken place," but argues that the Court must safeguard the integrity of the judicial process by punishing the Government's "simple mismanagement" of this case.

Fed. R. Crim. Pro. 16(d)(2) authorizes the Court to sanction violations of discovery rules. Such sanctions are committed to a district court's discretion, and should not be "harsher than necessary to accomplish the goals of Rule 16." *United States v. Gee*, 695 F.2d 1165, 1168-69 (9th Cir. 1983). The Court finds dismissal to be an unnecessarily harsh sanction here given the fact that counsel for the Government did not willfully conceal this discovery material, and indeed turned it over to Defendant promptly upon receiving it. Moreover, the continuance proposed by the Government should be sufficient to cure any prejudice that has resulted from late production. *See United States v. Sterling*, 742 F.2d 521, 525 (9th Cir. 1984) (holding that a district court did not abuse its discretion in declining to impose sanctions against the Government for a "totally inadvertent" Jencks Act violation, where that violation was "not due to any willful attempt to conceal statements from the defense," the Government exerted best efforts to remedy the violation upon discovering it, and the violation resulted in no significant injury to the defendants).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Motion to Continue Trial (Ct. Rec. 157) is **GRANTED**.

2. Defendant's Motion to Dismiss (Ct. Rec. 159) is **DENIED**.

3. The jury trial set for December 15, 2008, is **stricken**. A jury trial is **set** for **February 23, 2009, at 9:00 a.m.,** in Yakima, Washington. Counsel shall appear in chambers at 8:30 a.m.

4. The parties are directed to contact the Court if they believe it is necessary to schedule a pretrial conference.

5. Pursuant to 18 U.S.C. § 3161(h)(8)(A), the time between December 15,

**ORDER GRANTING MOTION TO CONTINUE, DENYING MOTION TO DISMISS** * 2

2008, the current trial date, until February 23, 2009, the new trial date, is **DECLARED EXCLUDABLE** for purposes of computing time under the Speedy Trial Act.  The Court finds that the ends of justice served by such a continuance outweigh the interests of the public and Defendant in a speedy trial.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** the 5th day of December, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2008\08-2018\Almaguer\grant.cont3.wpd

**ORDER GRANTING MOTION TO CONTINUE, DENYING MOTION TO DISMISS** * 3